UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO,<br><br>    Petitioner,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION, et al.,<br><br>    Respondents. | 1:07-CV-01609 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION<br>REGARDING PETITION FOR WRIT OF<br>HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However,

1  the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894;
2  Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his
3  probation or parole officer and the official in charge of the parole or probation agency or state
4  correctional agency. Id.

5       On November 29, 2007, the undersigned issued an order notifying Petitioner that he had
6  failed to name a proper respondent. Petitioner was granted thirty (30) days to file a motion to amend
7  the petition to cure the defect. He has failed to do so. Petitioner's failure to name a proper respondent
8  requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v.
9  California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd.
10  Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

11  **RECOMMENDATION**

12       Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be
13  DISMISSED for lack of jurisdiction.

14       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
15  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
16  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
17  California.  Within ten (10) court days (plus three days if served by mail) after being served with a
18  copy, any party may file written objections with the court and serve a copy on all parties.  Such a
19  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
20  Replies to the objections shall be served and filed within ten (10) court days (plus three days if
21  served by mail) after service of the objections.  The Court will then review the Magistrate Judge's
22  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
23  within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst,
24  951 F.2d 1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26  **Dated:   January 23, 2008**             /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE